%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Equipment Finance, LLC

**DEFENDANTS**
Danny Taylor

(b) County of Residence of First Listed Plaintiff **Lancaster**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Pickens**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lamm Rubenstone LLC, 3600 Horizon Blvd., Ste. 200
Trevose, PA 19053 (215) 638-9330

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Breach of Contract / REPLEVIN

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $252,783.65 PLUS ADD'L per for set firth in complaint
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/12/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Equipment Finance LLC : CIVIL ACTION
:
v. :
:
Danny Taylor :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 8/12/2009 | Alan M. Rosen | |
|---|---|---|
| Date | Attorney-at-law | Attorney for Plaintiff |
| 215-638-9330 | 215-638-2867 | arosen@lammrubenstone.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Equipment Finance, LLC; P.O. Box 5366, Lancaster, PA 17606-5366**

Address of Defendant: **Danny Taylor, 2856 Martin Luther King Rd, Aliceville, AL 35442**

Place of Accident, Incident or Transaction: **Lancaster, PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Alan M. Rosen**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **8/12/09**    _____Attorney-at-Law_____    **34753** Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **8/12/09**    _____Attorney-at-Law_____    **34753** Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Equipment Finance LLC

        V.

Danny Taylor

Civil Action
No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

☐ The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒ The nongovernmental corporate party, **Equipment Finance, LLC**, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

PNC Financial Services Group, Inc.
One PNC Plaza
249 Fifth Avenue
Pittsburgh, PA 15222-2707

8/12/09
Date

Signature

Counsel for: Equipment Finance, LLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
   (1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock; or

   (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
   (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
   (2) promptly file a supplemental statement if any required information changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUIPMENT FINANCE LLC<br>P.O. Box 5366<br>Lancaster, PA 17606-5366,<br>                 Plaintiff,<br><br>v.<br><br>DANNY TAYLOR<br>2856 Martin Luther King Road<br>Aliceville AL 35442<br>                 Defendant. | CIVIL ACTION<br><br>NO. _____ |

## COMPLAINT FOR DAMAGES AND REPLEVIN

Plaintiff Equipment Finance LLC, by and through its undersigned attorneys, Lamm Rubenstone LLC, brings this action against the above-named Defendant Danny Taylor, and in support thereof, avers as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Equipment Finance LLC ("EFI") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located in East Petersburg, Pennsylvania, 17520, and a mailing address at P.O. Box 5366, Lancaster, PA 17606-5366. EFI's sole member is PNC Bank, National Association, which has its main office in Pittsburgh, Pennsylvania and is a citizen solely of the Commonwealth of Pennsylvania. *Wachovia Bank, National Association, v. Schmidt*, 546 U.S. 303 (2006).

2. Defendant Danny Taylor ("Taylor") is an adult individual who is a citizen of the State of Alabama and resides at 2856 Martin Luther King Road, Aliceville, Alabama 35442.

3. The matter in controversy herein exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00). Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332 and venue is proper under 28 U.S.C. §1391.

## COUNT I- BREACH OF CONTRACT

4. On or about December 6, 2006, EFI financed for Taylor the purchase of three (3) items of forestry equipment from a company named Heart of Dixie Parts & Equipment ("Heart of Dixie") and, in connection therewith, Taylor executed a Conditional Sales Contract, Security Agreement, and Promissory Note in favor of Heart of Dixie (which contract was thereafter assigned to EFI) to evidence that transaction (collectively, the "Note"). A true and correct copy of the Note is attached hereto, made a part hereof, and marked as Exhibit "A".

5. The equipment financed under the Note was the following:

    One (1) Caterpillar Grapple Skidder, Model 525B, S/N # 3KZ00742
    (the "Skidder");
    One (1) Timberjack Log Loader, Model 430A, S/N # 982355
    (the "Loader"); and
    One (1) Hydro Ax Feller Buncher, Model 721, S/N #7761 (the "Feller Buncher").

6. Taylor defaulted under the terms of the aforesaid Note by failing to make payments due as required thereunder commencing with a failure to make the payment due for January, 2007 and a failure to make all payments due thereafter.

7. As a result of the aforesaid default, and pursuant to the terms of the Note, EFI is entitled to immediate possession of the Skidder, the Loader, and the Feller Buncher (collectively, the "Equipment").

8. As a further result of the aforesaid default by Taylor under the terms of the Note, EFI accelerated all amounts due thereunder and made written demand upon Taylor for payment of all such amounts which amounts total the Total Time Balance of $222,811.87 as set forth in

the Note, less a single $3,000 payment made by Taylor in or about May, 2007, plus reasonable attorneys' fees of $32,971.78 representing 15% of the foregoing Total Time Balance for a total amount due of $252,783.65. EFI also made a demand for turnover of possession of the Equipment, which demands were ignored by Taylor.

## COUNT II – REPLEVIN WITHOUT BOND

9. The averments in paragraphs 1 through 8 are incorporated by reference herein as though set forth in full.

10. The Equipment remains in the possession, custody or control of Taylor and is believed to be currently located at or about Defendant's address of 2856 Martin Luther King Road, Aliceville, Alabama 35442.

11. EFI possesses a perfected security interest in the Equipment by virtue of certain financing statements in favor of EFI which statements were filed of record by EFI. True and correct copies of such perfection documents are attached hereto, made a part hereof, and marked as Exhibit "B".

12. By virtue of the aforesaid defaults by Taylor, EFI is entitled to immediate and permanent possession of the Equipment.

**WHEREFORE**, Plaintiff Equipment Finance LLC respectfully requests entry of judgment against Defendant Danny Taylor as follows:

    i. Judgment in the amount of $252,783.65 against Defendant Taylor, plus interest at the contract rate, late fees, costs, and other amounts due from and after the date hereof through the date of Judgment;

ii.     Decreeing that Plaintiff Equipment Finance LLC has the right to immediate permanent possession of the Equipment and ordering Defendant to turnover to Plaintiff immediate possession of same;

iii.    Awarding in favor of Plaintiff such other interest, fees, costs of suit, reasonable counsel fees and other damages to the extent permitted by the various agreements among the parties and by law; and

iv.     For such other and further relief as is deemed just and equitable.

LAMM RUBENSTONE LLC

By: _____
Alan M. Rosen, Esquire
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
(215) 638-9330
(215) 638-2867 - *Facsimile*
*Attorneys for Plaintiff,*
*Equipment Finance LLC*

Dated: August 11, 2009

**EXHIBIT A**

7268
021105

**CONDITIONAL SALES CONTRACT, SECURITY AGREEMENT, AND PROMISSORY NOTE**

DEC 0 7 2006

Date: 12/6/06

Buyer's Name and Address: Danny Taylor (Name)  2856 Martin Luther King Road (No. and Street)  Aliceville (City)  AL (State)  35442 (Zip)

Buyer's Social Security or Federal Taxpayer Identification Number is: 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   and Co Buyer's is: _____

Seller's Name and Address: Heart of Dixie Parts & Equipment (Name of Dealer)  P.O. Box 25 (No. and Street)  Maplesville (City and Postal Zone)  AL 36750 (State)

Seller hereby sells and Buyer (which means Buyer and all Co-Buyers who sign below, jointly and severally) hereby purchases, subject to the terms and conditions hereinafter set forth, the following described property, together with all present and future parts, accessories and attachments now or hereafter installed in or affixed to it and proceeds of any dispositions of the foregoing notwithstanding Buyer's lack of authority to make said disposition (herein collectively called the "Property") (describe the Property, including all major attachments, including make/trade name, model number, serial numbers or identifying marks):

| Qty | Make | Description | Model | S/N |
|---|---|---|---|---|
| One (1) | Caterpillar | Grapple Skidder | Mdl. 525B | S/N 3KZ00742 |
| One (1) | Timberjack | Log Loader | Mdl. 430A | S/N 982355 |
| One (1) | Hydro Ax | Feller Buncher | Mdl. 721 | S/N 7761 |

which the Buyer warrants will be used primarily for: [X] business or commercial use other than farming operations;  [ ] farming operations. When not in use, the Property shall remain personalty, not become part of any realty, shall be located and kept for use at: 2856 Martin Luther King Road
Aliceville (County of Pickins) AL 35442
and, when in use, will be used only in the following State(s): AL
and Buyer agrees not to remove the Property from that location without the prior written consent of Seller first having been obtained, except in the normal course of Buyer's business. The Buyer has been quoted both a cash price and a time price. Buyer has elected the time price and acknowledges that the time price is more than the cash price because it includes charges by the Seller to compensate it for having to wait a period of time before collecting its full price and for taking a risk in waiting for such period of time. The time price is computed as follows:

**TRADE - IN**
Make
Description
Model
Serial No.
Allowance
Amount Owing
Net Trade-In Allowance

| | |
|---|---|
| Total Cash Price | $200,000.00 |
| Sales Tax | $0.00 |
| Cash Price (including tax) | $200,000.00 |
| Cash Downpayment | $40,000.00 |
| Net Trade-in | $0.00 |
| Total Downpayment | $40,000.00 |
| Unpaid Cash Price | $160,000.00 |
| Physical Damage Ins. | $21,960.00 |
| Placement Fee | $750.00 |
| Official Fees Est. | $110.00 |
| Other | $0.00 |
| Total Charges | $22,820.00 |
| Unpaid Cash Price (Amt. Financed) | $182,820.00 |
| Credit Service Charge | $39,991.87 |
| Total Time Balance | $222,811.87 |

Buyer, jointly and severally if more than one, hereby agrees and promises to pay to the order of Seller or any Assignee or Endorsee, the Total Time Balance as follows:

In Twenty Nine (29) equal successive monthly installments of $7427.06 each, followed by One (1) final installment of $7427.13, inclusive.

he first installment to be payable on the 15th day of January, 2007, and the remaining installments on a like day of each successive month thereafter, plus in respect to the final installment, any remaining amount of the Total Time Balance then unpaid and all other amounts required to be paid hereunder. Each installment shall be paid promptly upon its respective due date (TIME BEING OF THE ESSENCE) at the office of EQUIPMENT FINANCE LLC ("Assignee"), LANCASTER, PENNSYLVANIA 17606-5366.

SFC-RST-33319

Insurance Coverage  Physical damage insurance covering the Property is required by the terms of this Security Agreement, "Buyer Covenants". Buyer has made insurance arrangements as follows: (check appropriate box):
- [ ] Buyer has obtained its own insurance and provided evidence of same to Seller;
- [X] Physical damage and/or credit life insurance has been financed as part of this Security Agreement; or
- [ ] Physical damage insurance has been arranged by Assignee at Buyer's request as set forth in separate Insurance Escrow Agreement incorporated by reference herein.

Late Charges - Seller need not accept payment of any installment not made when due, but may waive Buyer's default and accept late payment thereof. If any such installment be so paid more than Ten (10) days late, Seller shall be entitled to a Late Charge in the amount of Five percent ( 5% ) of such installment in arrears but in no event in excess of $ 371.35 and the amount received shall be applied first to such late charge and the balance to such installment.

Prepayment - In the event of total prepayment, Buyer shall be entitled to a refund equal to that portion of the credit service charge which the sum of the periodic dollar balances after the period in which prepayment is made bears to the sum of all of the periodic dollar balances under the schedule of installments herein before set forth. No credit service charges shall be refunded by Seller in the event of partial prepayment.

Buyer warrants and represents that: (i) it has rights in or the power to transfer the Property; (ii) its title in the Property is free of all adverse claims, liens, security interests and restrictions on transfer or pledge except as created by this agreement; (iii) its state of organization is located in the State of AL ; (iv) its chief executive office is located at: 56 Martin Luther King Road, Aliceville, AL 3546, and its exact legal name is set forth above in the first line of this Agreement; (v) or if Buyer is an individual, Buyer's principal residence is located at: 356 Martin Luther King Road, Aliceville, AL 3544. Buyer agrees not to change the state of organization, its chief executive office, or principal residence nor change its name without providing Seller with 30 days prior written notice, and shall if a legal entity, preserve its legal existence and not merge into any other entity, or sell all or substantially all of its assets.

Seller makes no express warranties in connection herewith unless Seller has delivered to Buyer the express separate written warranty of Seller, in which case such separate written warranty is the only express warranty made by Seller. If such a separate written warranty has been delivered by Seller, it shall be exclusive of all other warranties, expressed or implied. THERE ARE NO IMPLIED WARRANTIES MADE WITH RESPECT TO THE PROPERTY, ITS MERCHANTABILITY OR ITS FITNESS FOR A PARTICULAR PURPOSE. Seller shall have no responsibility for warranties by manufacturers of the Property, if any, such responsibility being solely that of the manufacturer.

Delivery and Acceptance of Property  (check appropriate box): [ ] On __12-05-06__, the Property was delivered to Buyer with all installation and other work necessary for the proper use of the Property completed at the location agreed upon by Buyer and Seller; the Property was inspected by Buyer and found to be in satisfactory condition in all respects and delivery was unconditionally accepted by Buyer.

[ ] The Property has not yet been delivered to or accepted by Buyer and, upon delivery, Buyer agrees to execute a delivery and acceptance certificate in a form acceptable to Seller or Seller's assignee.
Buyer waives demand, protest, notice of dishonor and presentment for payment of this Contract/Note.

Grant of Security Interest in Property:  Buyer hereby grants to Seller or its Assignee a first purchase money security interest under the Uniform Commercial Code (hereinafter called "CODE") in the Property and the attachments, replacements, substitutions, additions, and the proceeds thereof, including but not limited to any return or unearned premium which may be due Buyer on cancellation of an insurance policy covering the Property, as security for the payment of the Total Time Balance and all sums payable by Buyer hereunder and for the observance and performance of all other terms Buyer has agreed to observe and perform hereunder. Any term used in the Code and not defined herein has the meaning given to it in the Code. Buyer acknowledges that he has notice of the intended assignment of this Contract/Note by Seller, and Buyer consents to same, and upon such assignment, Buyer agrees that the Assignee shall have all of the rights and remedies of the Seller hereunder and that upon any receipt of notice of the assignment, that Buyer will render performance of his obligations hereunder to the Assignee rather than to Seller. Buyer further agrees that the Property is not Consumer Goods as defined in the Code and agrees that Buyer will not assert against the Assignee and hereby waives any claim or defense or right of set-off which Buyer may have against the Seller or the manufacturer of the Property.

Buyer covenants:  that the Property shall at all times be considered as personalty; that the Property is not and will not be so affixed or related to the realty of Buyer or of any other person as to be a part thereof or become in any sense a fixture or if the Property has become a fixture before Seller's security interest therein is perfected and the Property is or may become subject to the lien of a real estate mortgage, that Buyer will, on demand of Seller, furnish Seller with an Instrument by which the real estate mortgagee subordinates its rights and priorities to the security interest hereunder; if the Property is or may become subject to the lien of a landlord, that Buyer will, on demand of Seller, furnish the Seller with a satisfactory landlord's waiver, to pay all costs of filing this Contract/Note and financing and other statements required to perfect and continue perfected, the Seller's title to, or security interest in, the Property; to pay promptly all taxes and assessments on the Property, its use and on this Contract / Note; to keep the Property in good condition and not to use or permit it to be used illegally or for hire; to keep the Property free of all liens for storage, services and material; not to sell, assign or encumber, without Seller's prior written consent, any rights of Buyer hereunder or in the Property, nor grant any further security interest in the Property, nor permit Buyer's rights therein to be reached by judicial process; not to injure, abandon, conceal or destroy the Property, nor deface any identifying marks thereon, nor permit the Property to deteriorate; that no injury or loss or destruction of the Property shall relieve Buyer of his obligation to make payments hereunder; and Buyer will insure the Property with an insurance company approved by Seller against all perils included within the classifications and special extended perils ("all risk" insurance) in such amount as Seller shall require and naming Seller as loss payee, and such policies or certificates evidencing the same shall be furnished to Seller if, Buyer fails to pay such sums for insurance, storage, services, costs of repairs or maintenance of the Property, Seller may (but shall not be obligated to) do so for Buyer's account, adding the amount thereof to the balance due hereunder. Buyer hereby assigns to Seller any return or unearned premium which may be due on cancellation of any such policy for any reason whatsoever and directs the insurers to pay Seller any amounts so due. Seller is hereby appointed Buyer's attorney-in-fact to endorse any draft or check which may be payable to Buyer in order to collect such return or unearned premiums or the proceeds of such insurance. Any balance of insurance proceeds remaining after payment in full of all amounts secured hereunder shall be paid to Buyer. Seller may inspect the Property on Buyer's premises during Buyer's normal business hours.

Events of Default:  The occurrence of any of the following shall, at the option of Seller and without notice or demand on Buyer, constitute an event of default hereunder: failure of Buyer to make full payment of any installment required to be paid hereunder punctually on its due date; failure of Buyer to observe or perform any of Buyer's other obligations hereunder; any warranty or statement of Buyer contained herein or other information furnished by Buyer o Seller or Assignee, shall prove to have been false or misleading; death of Buyer if an individual; Seller in good faith believes that the prospect of payment or performance by Buyer hereunder is impaired; Buyer shall become insolvent or shall be adjudicated a bankrupt or shall make an assignemnt for the benefit of creditors; there shall be instituted, by or against Buyer, bankruptcy, insolvency, REORGANIZATION, arrangement, debt adjustment or liquidation

proceedings; or the Property shall be, or threatened to be, subjected to condemnation or forfeiture proceedings; or any levy is made upon the Property or other collateral securing the Total Time Balance; or there is a sale or other disposition of any substantial portion of Buyer's assets, except in the ordinary course of business; or Buyer institutes or becomes subject to dissolution, or terminates its existence; or if there shall occur a default or breach by Buyer under any other note or indebtness or agreement of Buyer to Seller or Assignee; or if there occurs loss, theft, substantial damage, destruction, sale or other disposition, or encumbrance to or of any of the Property.

Rights and Remedies of Seller: Upon the occurence of an event of default, Seller (in addition to all other rights and remedies which Seller may have) shall have the following rights and remedies: (1) to declare the unpaid Total Time Balance (net of unearned credit service charges) and all other indebtedness of Buyer to Seller to be immediately due and payable, in which case Buyer agrees to pay Seller immediately and without demand, the unpaid Total Time Balance (net of unearned credit service charges), which sums shall bear interest at 18% per annum (or if prohibited by law, at the highest lawful contract rate) from the date of acceleration of the unpaid Total Time Balance until total indebtedness is fully paid; (2) to declare any other note or indebtedness of Buyer to Seller or Assignee to be immediately due and payable and to enforce against the Property, the unpaid Total Time Balance (net of unearnedcredit service charges) due by Buyer to Seller; and (3) to exercise any one or more rights and remedies given a secured party by the Code, including, but not by way of limitation, to take immediate possession of the Property or any portion thereof wherever found, and thereafter to sell or otherwise dispose of the Property (or any portion thereof). In taking possession, Seller may proceed without judicial process if this can be done without breach of the peace. If Seller retakes the Property, Seller may retain all sums theretofore paid by Buyer hereunder as being for the reasonable use of the Property. If the proceeds of any sale or other lawful disposition of the Property by Seller following its retaking, are insufficient to pay the expenses of retaking, holding, preparing the Property for sale, selling it and the like, and to satisfy the indebtedness of Buyer hereunder, the Buyer agrees to pay any deficiency, but Buyer shall be entitled to any surplus if one results after lawful application of such proceeds. If the Property, or any part thereof, shall be disposed of at private sale under any agreement whereby all or part of the sale price is payable in installments, only the cash price thereof (exclusive of finance charge, interest and any insurance premiums) shall be credited against Buyer's indebtedness hereunder.

Merger Provisions: The sales personnel of the Seller are not authorized to make warranties about the Property. Seller's employee's ORAL STATEMENTS DO NOT CONSTITUTE WARRANTIES, shall not be relied upon by the Buyer, and are not part of this Agreement. The entire contract is embodied in this writing. This writing constitutes the final integration of the parties' agreement, and it is a complete and exclusive statement of the terms of that agreement.

Limitation of Liability: THE SELLER SHALL NOT UNDER ANY CIRCUMSTANCES BE LIABLE FOR SPECIAL OR CONSEQUENTIAL DAMAGES SUCH AS, BUT NOT LIMITED TO, DAMAGE OR LOSS OF OTHER PROPERTY OR EQUIPMENT, LOSS OF PROFITS OR REVENUE, DOWNTIME, COST OF CAPITAL, COST OF PURCHASED OR REPLACEMENT GOODS OR LABOR, ATTORNEY'S FEES AND COSTS, CLAIMS OF CUSTOMERS OF THE BUYER, OR ANY OTHER WRONG ARISING FROM THE EXECUTION, ADMINISTRATION OR COLLECTION OF THIS CONTRACT/NOTE. The liability of the Seller with respect to this or any contract, or anything done in connection therewith such as the performance or breach thereof, or from the manufacture, sale, delivery, resale, installation or use of the Property, whether arising out of contract, negligence, strict tort, or under any warranty, or otherwise, shall not exceed the cash price of Property. The parties to this Contract/Note agree that they have freely allocated the risks between them.

Costs and Expenses: In addition to all other liability of Buyer to Seller hereunder, Buyer agrees to pay Seller on demand all costs and expenses (including without limitation, 15% of the amount due, but in no event less than $2,500.00 considered by the parties to be a reasonable attorney fee) which may be incurred in the collection of any indebtedness hereunder or in the enforcement hereof or in the repossession or enforcement of the Property or any other collateral securing Buyer's indebtedness hereunder. Such costs, expenses and attorney's fees shall be secured by Seller's security interest in the Property as well as any other such collateral.

Authorization: Buyer, at Seller's request, will immediately sign and deliver to Seller any other instruments that Seller may reasonable require to protect the validity and priority of the security interest created by this Agreement. Buyer authorizes Seller to file financing statements in any public offices in order to perfect the security interest granted herein. To the extent lawful, the Buyer hereby appoints Seller as its attorney-in-fact (without requiring Seller to act as such) to perform all other acts that the Seller deems appropriate to perfect and continue its security interest in, and to protect and preserve, the Property.

Waiver and Release by Buyer: To the maximum extent permitted by applicable laws the Buyer: (a) waives: (i) protest of this Contract/Note and any other commercial paper at any time held by the Seller on which the Buyer is in any way liable; (ii) except as the same may herein be specifically granted, notice of acceleration and of intention to accelerate; (iii) notice and opportunity to be heard, after acceleration in the manner provided above before exercise by Seller of the remedies permitted by any applicable laws or by any agreement with the Seller; and (iv) except where required hereby or by any applicable law, notice of any other action taken by Seller; (b) releases Seller and its officers, employees, agents, attorneys, and Assignee from all claims for loss or damage caused by any act or omission on the part of any of them except for willful misconduct or gross negligence; (c) the Buyer's sole remedy for any breach of contract, tort (excluding the Seller's willful misconduct or gross negligence) or any other wrong arising from the establishment, administration, or collection of the Contract/Note or the Total Time Balance shall be limited to the difference in the Seller's unearned credit service charge and fees specified herein and the costs of funds to the Buyer at the time of the alleged breach for a period of time not beyond thirty (30) days from the date of the alleged breach; (d) the Buyer agrees to notify the Seller and Assignee in writing within thirty (30) days after the occurence thereof, of any claim which the Buyer alleges that it may have against the Seller for any action allegedly take or inaction allegedly failed to be taken by the Seller. In the event the Buyer fails to so notify the Seller and Assignee of any such claim within the time stated (time being of the essence), the Buyer shall be deemed to have waived such alleged claims against the Seller; and (e) subject to the right of the Seller to seek payment from the Buyer in the event any payment received by the Seller is deemed to be a preference as a result of bankruptcy proceeding of the Buyer, upon full payment and satisfaction of all amounts due, the parties shall thereupon automatically each be fully, finally and forever released and discharged from any further claim, liability or obligation, each to the other, in connection with and related solely to this Agreement

General: Waiver of any default shall not constitute waiver of any subsequent default. Seller's rights and remedies are cumulative and not alternative. Any provision hereof found to be invalid under the laws of Pennsylvania or any other state, shall be invalid only with the respect to the offending provisions, the provisions hereof being severable. All words used herein shall be construed to be of such gender or number as the circumstances require. This contract shall be binding upon the heirs, personal representatives, successors or assigns of the parties hereto, but shall inure to the benefit of successors or assigns of the Seller only. Pennsylvania law applies to this Contract/Note, and governs its construction and interpretation. The Buyer irrevocably agrees to the exclusive jurisdiction of the Court of Common Pleas of Lancaster County, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania in any and all disputes, actions or proceedings between the Buyer and Seller or Assignee, whether arising hereunder, or under any document or instrument or any other written agreement or undertaking between the Seller and the Buyer; however, nothing herein contained shall in any manner prevent or preclude the Seller or Assignee from bringing one or more actions against the Buyer in any other jurisdiction in the United States of America or elsewhere. Captions used herein are for convenience only and are not intended to limit the meaning or any provision of the agreement.

SFC-RST-33321

WAIVER OF JURY TRIAL: SELLER, ASSIGNEE, AND BUYER, UPON ADVICE FROM THEIR RESPECTIVE COUNSEL, HEREBY INTENTIONALLY, KNOWINGLY, VOLUNTARILY, EXPRESSLY AND MUTUALLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (1) ARISING UNDER THIS AGREEMENT OR (2) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS AGREEMENT, OR THE TRANSACTIONS RELATED HERETO OR (3) IN ANY LITIGATION BETWEEN THE PARTIES, AND WHETHER IN CONTRACT OR TORT OR OTHERWISE, AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE THIS ORIGINAL AGREEMENT OR A COPY THEREOF WITH ANY COURT AS WRITTEN EVIDENCE TO THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO A TRIAL BY JURY. BUYER ACKNOWLEDGES THE INTENDED ASSIGNMENT OF THIS CONTRACT TO ASSIGNEE. UPON THE ASSIGNMENT OF THIS AGREEMENT BY SELLER TO ASSIGNEE, REFERENCES TO SELLER SHALL ALSO MEAN AND INCLUDE THE ASSIGNEE (WHETHER OR NOT EXPRESSLY PROVIDED HEREIN.)

NOTICE TO RETAIL BUYER: (1) Do not sign this contract/note before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the contract/note you sign at the time you sign. Keep it to protect your legal rights. (3) You have the right to pay in advance the full amount due and under certain conditions to obtain a partial refund of the credit service charge. No other agreement, oral or written, expressed or implied has been made by either party.

BUYER ACKNOWLEDGES RECEIPT OF A SIGNED, TRUE AND EXACT EXECUTED COPY OF THIS CONTRACT/NOTE.

Date: _____

Accepted: __Heart of Dixie Parts & Equipment__ (SEAL)
(Print Name of Seller here)

By: __[signature: Wade J Burt]__

BUYER(S) - MAKER(S):

__Danny Taylor__ (SEAL)
(Print Name of Buyer-Maker Here)

By: __[signature: Danny Taylor]__
Danny Taylor

_____
(Witness as to Buyer's and Co-Maker's Signature)

_____
(Witness as to Buyer's and Co-Maker's Signature)

Co-Buyer-Maker:

_____ (SEAL)
(Print Name of Co-Buyer-Maker Here)

By: _____

This instrument was prepared by: EQUIPMENT FINANCE LLC

By: __[signature: Lisa A. Hamberdine]__

SFC-RST-33322

# EXHIBIT B

| | | | |
|---|---|---|---|
| Folder | TAYLOR | | |
| Type | Original | | |
| debtor last name (Lender Bill Code) | TAYLOR | | |
| ⊖ Hide Optional fields | | | |
| customer acct # | | operator name | R. OBER |
| REF4 | | Ref5 | |
| Ref6 | | Ref7 | |
| Relation | Debtor/Secured Party | | |

Debtor | Secured Party | Collateral | Jurisdictions | Q&A | Return To

### Debtor

| | | | |
|---|---|---|---|
| Last Name | TAYLOR | First Name | DANNY |
| Middle Name | | Suffix | |
| Country | United States of America | | |
| Street1 | 2856 MARTIN LUTHER KING ROAD | Street2 | |
| City | ALICEVILLE | State/Province | AL |
| Zip/Postal Code | 35442 | Date of Birth | |
| SSN | | | |
| Signature Name | | Signature Title | |

### Secured Party

| | | | |
|---|---|---|---|
| Name | EQUIPMENT FINANCE LLC | Role | Secured Party |
| Street1 | PO BOX 5366 | Street2 | |
| City | LANCASTER | State/Province | PA |
| Zip/Postal Code | 17606-5366 | Country | United States of America |
| Signature Name | | Signature Title | |

### Collateral

**Collateral Description:**

ONE (1) CATERPILLAR GRAPPLE SKIDDER, MDL. 525B, S/N 3KZ00742
ONE (1) TIMBERJACK LOG LOADER, MDL. 430A, S/N 982355
ONE (1) HYDRO AX FELLER BUNCHER, MDL. 721, S/N 7761

COMPLETE WITH ALL ATTACHMENTS, REPLACEMENTS, SUBSTITUTIONS, ADDITIONS, NOW OR HEREAFTER INSTALLED IN OR AFFIXED TO AND, INCLUDING ANY RETURN OR UNEARNED PREMIUM WHICH MAY BE DUE DEBTOR ON CANCELLATION OF ANY INSURANCE POLICY COVERING THE PROPERTY.

Attachments to be submitted with this filing:     Delivery Method:
   Number of Pages:    0

(Excluding cover page)

Jurisdictions

| State/Province | Jurisdiction | Original File Number |
|---|---|---|
| AL | Secretary of State | 06-1037186 |

Q&A

| Question | Answer | State/Province |
|---|---|---|
| Select one if applicable | | AL |
| Select one if applicable | | AL |

**Miscellaneous text will not be transmitted to the jurisdiction for e-filings.**

| Miscellaneous | | AL |

Return To

| Name | Attention |
|---|---|
| Street 1 | Street 2 |
| City | State |
| Zip | Country USA |
| Phone | Fax |
| E-mail | |

© 2009 CT Lien Solutions, All rights reserved.

**EXHIBIT B**

| | | | |
|---|---|---|---|
| Folder | TAYLOR | | |
| Type | Original | | |
| debtor last name (Lender Bill Code) | TAYLOR | | |
| 🖑 Hide Optional fields | | | |
| customer acct # | | operator name | R. OBER |
| REF4 | | Ref5 | |
| Ref6 | | Ref7 | |
| Relation | Debtor/Secured Party | | |

Debtor | Secured Party | Collateral | Jurisdictions | Q&A | Return To

### Debtor

| | | | |
|---|---|---|---|
| Last Name | TAYLOR | First Name | DANNY |
| Middle Name | | Suffix | |
| Country | United States of America | | |
| Street1 | 2856 MARTIN LUTHER KING ROAD | Street2 | |
| City | ALICEVILLE | State/Province | AL |
| Zip/Postal Code | 35442 | Date of Birth | |
| SSN | | | |
| Signature Name | | Signature Title | |

### Secured Party

| | | | |
|---|---|---|---|
| Name | EQUIPMENT FINANCE LLC | Role | Secured Party |
| Street1 | PO BOX 5366 | Street2 | |
| City | LANCASTER | State/Province | PA |
| Zip/Postal Code | 17606-5366 | Country | United States of America |
| Signature Name | | Signature Title | |

### Collateral

**Collateral Description:**

```
ONE (1) CATERPILLAR GRAPPLE SKIDDER, MDL. 525B, S/N 3KZ00742
ONE (1) TIMBERJACK LOG LOADER, MDL. 430A, S/N 982355
ONE (1) HYDRO AX FELLER BUNCHER, MDL. 721, S/N 7761

COMPLETE WITH ALL ATTACHMENTS, REPLACEMENTS, SUBSTITUTIONS, ADDITIONS, NOW OR
HEREAFTER INSTALLED IN OR AFFIXED TO AND, INCLUDING ANY RETURN OR UNEARNED
PREMIUM WHICH MAY BE DUE DEBTOR ON CANCELLATION OF ANY INSURANCE POLICY
COVERING THE PROPERTY.
```

Attachments to be submitted with this filing:                       Delivery Method:
                                                                    Number of Pages:      0

(Excluding cover page)

## Jurisdictions

| State/Province | Jurisdiction | Original File Number |
|---|---|---|
| AL | Secretary of State | 06-1037186 |

## Q&A

| Question | Answer | State/Province |
|---|---|---|
| Select one if applicable | | AL |
| Select one if applicable | | AL |

**Miscellaneous text will not be transmitted to the jurisdiction for e-filings.**

| | | |
|---|---|---|
| Miscellaneous | | AL |

## Return To

| | |
|---|---|
| **Name** | **Attention** |
| **Street 1** | **Street 2** |
| **City** | **State** |
| **Zip** | **Country** USA |
| **Phone** | **Fax** |
| **E-mail** | |

© 2009 CT Lien Solutions, All rights reserved.